UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES LANGONE, as FUND MANAGER )
of the NEW ENGLAND TEAMSTERS AND )
TRUCKING INDUSTRY PENSION FUND )
                                                           )
            Plaintiff,                    )
                                                           ) C.A. No.
v.                                            ) 04 12509 DPW
                                             )
EAGLE GRAPHICS, INC and       )
JOSEPH BENGER, in his capacity as President      MAGISTRATE JUDGE
of Eagle Graphics, Inc.                )
                                                  )
           Defendants,           )
                                                     )

RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED

**COMPLAINT**
(As against Eagle Graphics, Inc.)

**COUNT I**

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq.*, as amended by the Multi-Employer Pension Plan Amendments Act, 29 U.S.C. §1381 et. seq., brought on behalf of New England Teamsters and Trucking Industry Pension Fund ("Pension Fund") for damages and injunctive relief arising from unpaid withdrawal liability.

2. This court has jurisdiction and venue lies in this district pursuant to ERISA §502e(1) and (2), and ERISA § 4301, 29 U.S.C. 29 U.S.C. §1451.

3. Plaintiff, Charles Langone, is the Fund Manager of the Pension Fund and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). The Pension Fund is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A) and is an "employee benefit plan" or "plan" within the meaning of

Section 3(3) of ERISA, 29 U.S.C. §1002(3). The Pension Fund has its principal office at and is administered from 535 Boylston Street, Boston, Massachusetts.

4. Defendant Eagle Graphics ("Eagle") is an "employer" within the meaning of 29 U.S.C. §1002(5) with a principal place of business in Stoughton, Massachusetts and is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §142(1) and §152(2),(6) and (7).

5. Teamsters Local Union Nos. 25 is a "labor organization" within the meaning of 29 U.S.C. §152(5).

6. At all material times, Eagle was obligated by the terms of one or more collective bargaining agreements between Eagle and Teamsters Local Union Nos. 25, and by the terms of Agreement and Declaration of Trust to which defendant was bound to make contributions on behalf of certain employees to the Pension Fund.

7. On or about December 31, 2003, Eagle permanently ceased to have an obligation to contribute to the Pension Fund or permanently ceased covered operations under the Pension Fund.

8. By letter dated March 11, 2004 and received by Eagle on March 16, 2004, the Pension Fund notified Eagle that Eagle had withdrawn and demanded payment of Eagle's proportionate share of the Pension Fund's unfunded vested benefit liability.

9. In demanding payment of Eagle's withdrawal liability, the Pension Fund requested immediate payment of the full amount of its liability of $167,234 or, alternatively, payment pursuant to a schedule the first payment of which was due to be made on May 11, 2004.

10. Eagle failed to make any payments on or before May 11, 2004.

11. By letter dated May 18, 2004 and received by Eagle on May 20, 2004, the Pension Fund sent Eagle a "Notice of Default" indicating that if Eagle's failure to pay was not cured within sixty (60) days of the date the first payment was due, the total outstanding amount of withdrawal liability plus accrued interest on the total outstanding liability from the date the first payment was due.

12. Defendant Eagle has failed to make any withdrawal liability payments to the Fund and has not initiated arbitration of any dispute concerning the Pension Fund's demand.

WHEREFORE, plaintiff demands that judgment enter in accordance with ERISA § 502(g)(2), 29 U.S.C. §1132(g)(2) and ERISA § 4301, 29 U.S.C. § 1451:

1. Awarding the Pension Fund the following amounts:

    a. the withdrawal liability in the amount of $167,234;

    b. interest on the withdrawal liability from the date the first payment was due;

    c. liquidated damages in an amount equal to the greater of interest on the unpaid withdrawal liability or 20% of the unpaid withdrawal liability;

    d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Ordering such other and further relief as this court may deem just and proper.

### Count Two
(As Against Joseph Benger)

13. Plaintiff hereby incorporates by reference as if set forth herein paragraphs 1- 12 of this Complaint.

14. At all times relevant to this action, Joseph Benger, is an individual residing in the Commonwealth of Massachusetts and is the President of Defendant Eagle.

15. By letter dated October 18, 2004 and received by Defendant Benger on October 22, 2004, the Pension Fund, through its counsel, requested information from Defendant Benger, which would permit the Fund to comply with MPPAA, particularly in connection with the Pension Fund's statutory obligation to collect withdrawal liability

16. Defendant Benger was obligated to respond to this request within thirty (30) days pursuant to ERISA §4219(a), 29 U.S.C. 1399(a).

17. Defendant Benger has failed to provide the requested information.

WHEREFORE, plaintiff demands that judgment enter against Defendant in accordance with 29 U.S.C. §1451:

1. Ordering that the Defendant Benger to respond to the Plaintiff's request for information which would assist in collecting the withdrawal liability owed; and

2. Awarding the Pension Fund all costs and reasonable attorney's fee incurred by the Pension Fund in connection with this action; and

3. Awarding such other, further and different relief as may be just and proper.

Dated: November 29, 2004

Respectfully submitted,

Catherine M. Campbell
BBO #549397
FEINBERG, CAMPBELL & ZACK, P.C.
177 Milk Street, Suite 300
Boston, MA 02109
(617) 338-1976

_____
Attorney for plaintiff,
Charles Langone

CERTIFICATE OF SERVICE

    I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be delivered by certified mail, return receipt requested, this date, to the Pension Benefit Guaranty Corporation.

                                                  _____
                                                  Catherine M. Campbell

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Charles Langone, Fund Manager v. Eagle Graphics, Inc.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   __ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   XX II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
           *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   __ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   __ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   __ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   none

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ~~XX~~   NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES ~~XX~~   NO

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ~~XX~~   NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES ~~XX~~   NO

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   YES   NO XX

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION   ~~CENTRAL DIVISION~~   ~~WESTERN DIVISION~~

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION   CENTRAL DIVISION   WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Catherine M. Campbell
ADDRESS 177 Milk Street, Ste. 300, Boston, MA 02109
TELEPHONE NO. (617) 338-1976

(Cover sheet local.wpd - 11/27/00)

JS 44 (Rev. 3/99)                                    CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Charles Langone, as Fund Manager of the New England Teamsters and Trucking Industry Pension Fund

(b) County of Residence of First Listed Plaintiff __Suffolk__
(EXCEPT IN U.S. PLAINTIFF CASES)

### DEFENDANTS
EAGLE GRAPHICS, INC.

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Feinberg, Campbell & Zack, P.C.
177 Milk Street, Boston, MA 02109
(617) 338-1976

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | / ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Action by Pension Fund under ERISA 29 U.S.C. Sec. 1001 et seq. to collect

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 11/29/04
SIGNATURE OF ATTORNEY OF RECORD  /s/ Catherine M. Campbell

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____