UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

**CHARLES LANGONE, as Fund Manager
of the New England Teamsters and
Trucking Industry Pension Fund,**

          **Plaintiff**

**v.**                                                   **Civil Action No.
04-12509 DPW**

**EAGLE GRAPHICS, INC. and JOSEPH
BENGER, in his capacity as President
of Eagle Graphics,**

          **Defendants**

_____

### **DEFENDANTS' ANSWER**

Defendants Eagle Graphics, Inc. and Joseph Benger, in his capacity as President of Eagle Graphics, Inc., answer plaintiff's complaint in this matter as follows:

### **Count I**

1. Paragraph 1 of the complaint consists of an introduction and statement of law to which no response is required. To the extent that paragraph 1 makes allegations that defendants are liable to plaintiff, such allegations are denied.

2. Defendants admit that this court has jurisdiction over this matter, and that venue lies in the District of Massachusetts.

3. Defendants are without knowledge or information as to the allegations contained in paragraph 3 of plaintiff's complaint, and therefore deny same.

4. Defendants admit that defendant Eagle Graphics, Inc. ("Eagle") had a principal place of business in Stoughton, Massachusetts. Defendants deny the remaining allegations contained in paragraph 4 of plaintiff's complaint.

5. Defendants are without knowledge or information as to the allegations contained in paragraph 5 of plaintiff's complaint, and therefore deny same.

6. Defendants admit that defendant Eagle made contributions to the New England Teamsters and Trucking Industry Pension Fund ("the Fund") pursuant to collective bargaining agreements between Eagle and Teamsters Local Union No. 25. Defendants deny the remaining allegations contained in paragraph 6 of plaintiff's complaint.

7. Defendants admit that, in or about December, 2003, Eagle permanently ceased contributions to the plaintiff Fund.

8. Defendants admit that the Fund sent a letter to Eagle dated March 11, 2004, and that said letter was received by Eagle on or about March 16, 2004. Further answering, defendants stare that the March 11, 2004 letter speaks for itself.

9. Defendants admit the allegations contained in paragraph 9 of plaintiff's complaint.

10. Defendants admit that Eagle has failed to make payment of withdrawal liability, as alleged in paragraph 10 of plaintiff's complaint.

11. Defendants admit that the Fund sent a letter to Eagle dated May 18, 2004. Defendants deny the remaining allegations contained in paragraph 11 of plaintiff's complaint. Further answering, defendants state that the May 18, 2004 letter speaks for itself.

12. Defendants admit that Eagle has failed to make payment of withdrawal liability, and has failed to initiate arbitration, as alleged in paragraph 12 of plaintiff's complaint.

**Count Two**

13. Defendants repeat their responses to paragraphs 1-12 of plaintiff's complaint.

14. Defendants admit the allegations contained in paragraph 14 of plaintiff's complaint.

15. Defendants deny the allegations contained in paragraph 15 of plaintiff's complaint.

16. Defendants deny the allegations contained in paragraph 16 of plaintiff's complaint.

17. Defendants admit that defendant Benger has not provided information to plaintiff, as alleged in paragraph 17 of plaintiff's complaint.

WHEREFORE, defendants pray:

(1) That plaintiff's complaint be dismissed;

(2) That defendants be awarded their costs; and

(3) That defendants be granted such other and further relief as the court deems appropriate.

        Defendants,

        EAGLE GRAPHICS, INC. and
        JOSEPH BENGER

        By__/s/ Laurence J. Donoghue_____
            Gregory A. Manousos
            BBO No. 631455
            Laurence J. Donoghue
            BBO No. 130140
            MORGAN, BROWN & JOY, LLP
            200 State Street
            Boston, MA 02109-2605
            Tel: (617) 523-6666

Dated:    February 7, 2005

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the above answer by first class mail this 7th day of February, 2005 upon counsel for plaintiff: Catherine M. Campbell, Esq., Feinberg, Campbell & Zack, P.C., 177 Milk Street, Suite 300, Boston, MA 02109.

\_\_\_\_/s/ Laurence J. Donoghue\_\_\_\_
Laurence J. Donoghue