UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
CHARLES LANGONE, as FUND MANAGER )
of the NEW ENGLAND TEAMSTERS AND )
TRUCKING INDUSTRY PENSION FUND )
                                )
        Plaintiff,              )
                                )    C.A. No. 04-12509 DPW
v.                              )
                                )
EAGLE GRAPHICS, INC and         )
JOSEPH BENGER, in his capacity as President )
of Eagle Graphics, Inc.         )
                                )
        Defendants,             )
_____)

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

The New England Teamsters and Trucking Industry Pension Fund is a multiemployer pension fund governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). This matter involves collection of unpaid withdrawal liability from Defendant Eagle Graphics, Inc. ("Eagle") pursuant to the Multiemployer Pension Plan Amendments Act ("MPPAA"), 29 U.S.C. 1381 *et seq.*, which amended ERISA.

Congress enacted the MPPAA in 1980 in response to a crisis of underfunding in multiemployer pension plans as employers were withdrawing in increasing numbers from multiemployer bargaining units and leaving underfunded pension plans that lacked the ability to pay vested benefits. MPPAA is a complex statutory scheme designed to protect and strengthen the financial position of multiemployer plans by requiring employers withdrawing from a plan to pay "withdrawal liability" i.e., the employer's proportionate share of the plan's unfunded vested liability. *PBGC v. R.A. Gray & Co.*, 467 U.S. 717, 720-722 (1984).

The Fund now moves this Court to enter a judgment finding that the Eagle is liable for and must pay to the Fund Eagle's withdrawal liability assessment along all other mandatory damages provided by ERISA.

With respect to Count II against Joseph Benger for failure to respond to a request for information pursuant to §4219(a), 29 U.S.C. 1399(a), the Fund withdraws this Count as Defendant Benger provided this information subsequent to the filing of the complaint. [1]

## II. STATEMENT OF THE UNDISPUTED FACTS

Plaintiff hereby incorporates by reference the Statement of Material Undisputed Facts filed with this Motion for Summary Judgment and supporting Memorandum. Briefly, the Fund is a multiemployer pension plan governed by MPPAA. (Undisputed Fact No. 1). Eagle was an employer obligated to make pension contributions to the Fund pursuant to collective bargaining agreements between Eagle and Teamster Local Unions 829 and 25. (Undisputed Fact No. 2). On December 31, 2003, Eagle "withdrew" from the Fund when it permanently ceased to have an obligation to contribute to the Fund or permanently ceased covered operations. (Undisputed Facts Nos. 3, 4). By letter from the Fund Manager, Charles Langone ("Langone") dated March 11, 2004, the company was assessed withdrawal liability in the amount of $167,234.00, and a demand for payment was made in compliance with the Fund's Pension Plan and MPPAA. (Undisputed Facts Nos. 5, 6, 7).

Although ERISA §4219(c), 29 U.S.C. §1399(c) allows a withdrawing employer to make "interim payments" of this assessment over a period of time as set forth in the March 11th letter to Eagle, Eagle has made no payments to date. (Undisputed Fact No. 9). On May 18, 2004, Langone sent Eagle a "Notice of Default" indicating a default would occur if payments were not made on or

---

[1] The Fund does not waive by the withdrawal of this Count its right to pursue any and all other claims against Mr. Benger with respect to the collection of withdrawal liability including claims regarding the fraudulent conveyance of the assets of Eagle or claims with respect to his status as an alter ego of Eagle.

before July 11, 2004. (Undisputed Fact No. 8). As no payments were received, a default occurred and the full amount of the assessment became due with interest accruing from May 11, 2004. (Undisputed Fact Nos. 6, 8, 9, 10). The amount of withdrawal liability has been reduced by the Fund to $152,215.00. (Undisputed Fact No. 11). Defendants have failed to make a timely request for arbitration. (Undisputed Fact Nos. 13, 14).

### III.  STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any materials fact and that the moving party is entitled to judgment as a matter of law." F.R.C.P. 56(c). "[T]he Court must look at the record in the light most favorable to the party opposing the motion and must indulge all inferences favorable to that party." *Stepanishen v. Merchants Dispatch Transportation Corp.*, 722 F.2d 922, 928 (1st Cir. 1988).

Despite the strict standard of review, Plaintiff must prevail in this matter.

### IV.  ARGUMENT

A.  THE FULL AMOUNT OF THE WITHDRAWAL LIABILITY ASSESSED AGAINST EAGLE WAS DUE AND OWING ON JULY 11, 2004.

A contributing employer "withdraws" from a multiemployer fund upon the "permanent cessation of the employer's obligation to contribute under the plan" or "a permanent cessation of the employer's covered operations under the plan." ERISA §4203(a), 29 U.S.C. §1383(a). It is undisputed that Eagle, a contributing employer to the Fund, withdrew from the Fund on December 31, 2003. (Undisputed Fact Nos. 2, 3, 4). Under the statute, a withdrawing employer must pay its portion of the Fund's unfunded vested liability. ERISA §4201, 29 U.S.C. §1381. The Trustees of the pension plan must determine the amount of the employer's withdrawal, notify the employer of the amount and collect the amount from the employer. ERISA §4202, 29 U.S.C.

3

§1382. The notice must state the amount of the liability, set forth a schedule of payments determined by statute, and demand payment in accordance with the schedule. ERISA § 4219(b), 29 U.S.C. 1399 (b). It is undisputed that the Fund sent the required demand for payment, and that such notice was received by Eagle. (Undisputed Fact Nos. 5, 6, 7).

ERISA §4219(c)(5), 29 U.S.C. §1399(c)(5) provides that a default occurs for purposes of withdrawal liability when an employer fails to make payments when due, and this failure is not cured within 60 days after the employer receives written notification from the sponsor of such failure. Upon default, the plan sponsor may require immediate payment of the outstanding amount of the employer's withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment that was not timely made.

It is undisputed that Defendants have failed to make any payments of withdrawal liability. (Undisputed Fact No. 9). It is undisputed that the Fund sent and Eagle received the required Notice of Default. (Undisputed Fact No. 8). It is undisputed that Eagle is in default and owes the full amount of the withdrawal liability assessment as of July 11, 2004. (Undisputed Fact Nos., 8, 9, 10).

The Fund, however, has recalculated the withdrawal liability owed by Eagle to $152,215.00 by excluding from the withdrawal liability calculations contributions paid by another contributing employer called Eagle Industries, Inc. (Undisputed Fact Nos. 11, 12). It is this amount that is in default.

B. AS THE TIME FOR REQUESTING ARBITRATION UNDER MPPAA HAS EXPIRED, DEFENDANTS CAN RAISE NO DEFENSE TO THE ASSESSMENT OF WITHDRAWAL LIABILITY.

An employer that receives a notice of withdrawal liability has ninety days from the date of the receipt to request review of the calculations. Any dispute regarding the assessment of

withdrawal liability made under ERISA §§4201 through 4219 must be submitted to arbitration under ERISA §4221. ERISA §4221 (a)(1), 29 U.S.C. §1401(a)(1).  An employer must request review of the withdrawal liability within ninety days of receipt of the demand notice.  ERISA §4219(b)(2)(A).  Arbitration must be initiated within the sixty day period after the earlier of the date of the notification of the pension plan's response to the request for review or 120 days after the date of the employer's request for review under ERISA § 4219(b)(2)(A).  ERISA §4221(a)(2), 29 U.S.C. §1401(a)(2).

If arbitration is not initiated, the amount demanded "shall be due and owing on the schedule set forth by the plan sponsor, "who may sue in state or federal court for collection." ERISA §4221(b), 29 U.S.C. §1401(b).  Failure to request arbitration within the time limits forecloses an employer from challenging the withdrawal liability assessment.  Consequently, when arbitration is not requested the plan is entitled to judgment in its action for collection without any further judicial consideration of the employer's defenses that could have been raised in arbitration. *Central States Pension Fund v. Slotky,* 956 F.2d 1369, 1372 (7th Cir. 1992); *McDonald v. Central, Inc.*, 946 F.2d 1059 (4th Cir. 1991) *cert denied*, 112 S. Ct. 2325 (1992); *Local 478 Trucking & Allied Industry Pension Fund v. Jayne*, 778 F.Supp. 1289 (D.N.J. 1991), *Teamsters Pension Trust Fund v. Laidlaw Industries*, 745 F.Supp. 1016 (D.Del. 1990); *ILGWU National Retirement Fund v. Smart Modes, Inc*. 735 F. Supp. 103, (S.D.N.Y. 1990); *IUE Pension Fund v. Barker & Williamson, Inc*. 788 F.2d 118 (3d Cir. 1986)*; IAM National Pension Fund v. Clinton Engines Corp.,* 825 F.2d 415, 427-428 (D.C. Cir. 1987); *Debreceni v. George Lamoureux & Co*., 629 F.Supp. 598, 601-602, (D.Mass. 1986); *Debreceni v. Westfair Transport Corp*., 1988 U.S. Dist. LEXIS 9527 (D. Mass. 1988); *Robbins v. B&B Lines, Inc*. 830 F.2d 648 (7th Cir. 1987).

Eagle has admitted it has failed to request arbitration of the assessment of withdrawal

5

liability, and more than two years have passed since the demand for payment was made. The time to request such arbitration has past. (Undisputed Fact Nos. 13, 14). Defendants, having allowed the time to request arbitration to expire, cannot now raise any defense to the imposition of its withdrawal liability. A judgment must enter for the full amount of the withdrawal liability.

### C. PLAINTIFF SEEKS ALL MANDATORY DAMAGES PURSUANT TO ERISA §4301(b), 29 U.S.C. §1451(b), ERISA §515, 29 U.S.C. §1145, and ERISA §502(g)(2), 29 U.S.C. §1132(g)(2).

As stated above, ERISA §4221(b), 29 U.S.C. §1401(b) holds that if arbitration is not initiated, the amount demanded "shall be due and owing on the schedule set forth by the plan sponsor," who may sue in state or federal court for collection. ERISA §4301(b), 29 U.S.C. 1451(b) states, "In any action under this section to compel an employer to pay withdrawal liability, any failure of the employer to make any withdrawal liability payment within the time described shall be treated in the same manner as a delinquent contribution (within the meaning of §515)." Section 502(g)(2) states,

> In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and such other legal or equitable relief as the court deems.

Thus, the Fund seeks not only the principal amount of the withdrawal liability and interest, but also liquidated damages and attorneys fees and costs.

Pursuant to the Fund's Pension Plan, Article 15, the interest payable by an Employer is computed and charged to the Employer at the rate prescribed under Section 6621 of the Internal

Revenue Code compounded as described in Section 6622 of the Code.  The rate in effect on May 11, 2004 was 5%.  The interest accrued on the withdrawal liability as of March 13, 2004 is $15,275.78.  Liquidated damages are calculated at $30,443.00 (20% of $152,215.00).  Attorneys fees and costs are $31,603.84.)  The total owed to the Fund is thus $229,537.62. (Undisputed Fact Nos. 15-18).

## V.  CONCLUSION

For the foregoing reasons, Plaintiff requests a judgment entered on his behalf against the Defendant Eagle Graphics, Inc. in the amount $229,537.62.  A proposed judgment is attached hereto as Exhibit A.

Dated:  March 13, 2006                                      Respectfully submitted,

/S/ Catherine M. Campbell
Catherine M. Campbell
BBO #549397
FEINBERG, CAMPBELL & ZACK, P.C.
177 Milk Street
Boston, MA 02109
(617) 338-1976