UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
CHARLES LANGONE, as FUND MANAGER )
of the NEW ENGLAND TEAMSTERS AND )
TRUCKING INDUSTRY PENSION FUND )
                                                            )
        Plaintiff, )
                                                             )    C.A. No. 04-12509 DPW
v. )
                                                              )
EAGLE GRAPHICS, INC and )
JOSEPH BENGER, in his capacity as President )
of Eagle Graphics, Inc. )
                                                              )
       Defendants, )
_____)

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

1. The New England Teamsters and Trucking Industry Pension Fund (the "Fund") is a qualified "multiemployer" pension plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq*. as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"). (Affidavit of Charles Langone ("Langone Aff.") ¶2).

2. Defendant Eagle Graphic, Inc. ("Eagle") was an employer making pension contributions to the Fund on behalf of its employees pursuant to collective bargaining agreements between Teamster Local Unions 25 and 829, participating in the Fund. (Langone Aff. ¶4, Admitted with respect to Local 25, Eagle's Answer, ¶6).

3. On or about December 31, 2003, Eagle permanently ceased to have an obligation to contribute to the Fund or permanently ceased covered operations under the Fund. (Langone Aff. ¶5; Eagle's Answer ¶7).

4. On or about December 31, 2003, Eagle withdrew from the Fund. (Langone Aff. ¶5, 6; ERISA §4203(a), 29 U.S.C. §1383(a)).

5. By letter dated March 11, 2004, and received by Eagle on or about March 16, 2004, the Fund notified Eagle that Eagle had withdrawn from the Fund and demanded payment of Eagle's proportionate share of the Fund's unfunded vested benefit liability. (Eagle's Answer ¶11 admitted with respect to receipt of the letter; Langone Aff. ¶6, ¶7, Exh. 2).

6. By letter dated March 11, 2004, the Fund requested immediate payment of the full amount of Eagle's liability of $167,234.00 or, alternatively, payment pursuant to a schedule, the first monthly payment of which was due to be made within 60 days of May 11, 2004 in the amount of $6,969. (Langone Aff. ¶6, ¶7).

7. The withdrawal liability and payment schedule were calculated pursuant to the Fund's Pension Plan and the Multiemployer Pension Plan Amendments Act of 1980. (Langone Aff. ¶ 7, ¶2, Exh. 2).

8. By letter dated May 18, 2004, and received by Eagle on or about May 20, 2004, the Pension Fund notified Eagle that its failure to pay its withdrawal liability within 60 days of the date the first payment was due would result in a default of Eagle's payment i.e. May 11, 2004. (Langone Aff. ¶8, Exh. 3).

9. Eagle has not made any withdrawal liability payments to the Fund. (Langone Aff. ¶10; Eagle's Answer, ¶12).

10. Eagle was in default of the payments of withdrawal liability as of July 11, 2004. (Langone Aff. ¶10).

11. The Fund has reduced Eagle's withdrawal liability to $152,215.00 and has notified Eagle of the same. (Langone Aff. ¶9, Exh. 4)

12. As a result of its default, Eagle owes the Fund the full amount of the withdrawal liability assessment in the amount of $152,215. (Langone Aff. ¶7, ¶9 Exh. 4).

13. Eagle has failed to request arbitration of the withdrawal liability assessment that is the subject of this action. (Langone Aff. ¶12; Eagle's Answer ¶12).

14. The time to request arbitration of the withdrawal liability assessment that is the subject of this action, as prescribed by ERISA §4221, 29 U.S.C. 1401, has expired. (Langone Aff., ¶12).

15. Eagle owes to the Fund interest accrued on the full amount of the withdrawal liability beginning on May 11, 2004, the date the first payment was due under the payment schedule. Such interest, calculated at a rate of 5%, totals $15,275.78 of March 13, 2006. (Langone Aff., ¶8, ¶11; ERISA §4219(c)(5), 29 U.S.C. §1399(c)(5), ERISA §4301(b), 29 U.S.C. §1451(b), ERISA §515, 29 U.S.C. §1145, and ERISA §502(g)(2), 29 U.S.C. §1132(g)(2)).

16. Eagle owes to the Fund liquidated damages in the amount of $30,443.00. (Langone Aff. ¶11; ERISA §4219(c)(5), 29 U.S.C. §1399(c)(5), ERISA §4301(b), 29 U.S.C. §1451(b), ERISA §515, 29 U.S.C. §1145, and ERISA §502(g)(2), 29 U.S.C. §1132(g)(2)).

17. Eagle owes to the Fund reasonable attorneys fees and costs in the amount of $31,603.84. (Langone Aff. ¶11; Affidavit of Catherine M. Campbell, ERISA §4219(c)(5), 29 U.S.C. §1399(c)(5), ERISA §4301(b), 29 U.S.C. §1451(b), ERISA §515, 29 U.S.C. §1145, and ERISA §502(g)(2), 29 U.S.C. §1132(g)(2)).

18. Eagle owes to the Fund a total of $229,537.62. (Langone Aff. ¶11).

Dated: March 13, 2006                    Respectfully submitted,

                                         /S/ Catherine M. Campbell
                                         Catherine M. Campbell
                                         BBO #549397
                                         FEINBERG, CAMPBELL & ZACK, P.C.
                                         177 Milk Street
                                         Boston, MA 02109
                                         (617) 338-1976