UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND<br><br>Plaintiff,<br><br>v.<br><br>EAGLE GRAPHICS, INC. and JOSEPH BENGER, in his capacity as President of Eagle Graphics, Inc.<br><br>Defendants, | C.A. No. 04-12509 DPW |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR APPROVAL OF TRUSTEE PROCESS**

Plaintiff, New England Teamster and Trucking Industry Pension Fund (the "Fund"), moves the Court for approval of trustee process at attach the goods, effects or credits of the Defendant Eagle Graphics, Inc. ("Defendant Eagle") in the amount of $229,537.62, now in the hands and possession of Bank of America, Account No.: 0094 1920 2059. Federal Rule of Civil Procedure 64 provides that "all remedies providing for seizure of a person or property for the purpose of securing satisfaction of judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held." Fed. R. Civ. P. 64. Massachusetts Rule of Civil Procedure 4.2 states that "trustee process may be used, in the manner and to the extent provided by law, but subject to the requirements of this rule, to secure satisfaction of the judgment for damages and costs which the plaintiff may recover." Mass. R. Civ. P. 4.2.

1

Pursuant to Massachusetts Rule of Civil Procedure 4.2(c) a motion for trustee process should be approved upon a finding by the court that "there is a *reasonable likelihood* that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the trustee process over and above any liability insurance shown by the defendant to be available to satisfy the judgment."

This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., as amended by the Multi-Employer Pension Plan Amendments Act, 29 U.S.C. §1381 et. seq., for damages and injunctive relief arising from unpaid withdrawal liability. Actions for withdrawal liability under ERISA are well established under applicable statutory and case law. 29 U.S.C. § 1381 *et seq.*; *See generally IUE AFL-CIO Pension Fund v. Barker & Williamson*, 788 F.2d 118, 127 (3rd Cir. 1986); *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984); *Rettig v. PBGC*, 240 U.S. App. D.C. 118, 744 F.2d 133, 155 (D.C. Cir. 1984) (stating that because ERISA (and the MPPAA) are remedial statutes, they should be liberally construed in favor of protecting the participants in employee benefit plans).

In this case, Plaintiff has clearly provided sufficient evidence to show a reasonable likelihood of recovering judgment. Plaintiff has filed a Motion for Summary Judgment seeking $229,537.62 in unpaid withdrawal liability and mandatory damages allowed pursuant to ERISA § 515, 29 USC § 1145 and ERISA § 502(g)(2), 29 USC § 502(g)(2) from Defendant Eagle. Defendant eagle has not filed an opposition. Plaintiff knows of no liability insurance available to satisfy a judgment in this matter, nor any defense to this action. Affidavit of Attorney Catherine M. Campbell, ¶ 3, 4.

Based upon the foregoing, Plaintiff Fund states that there is a "reasonable likelihood" that it will recover judgment in an amount equal to or greater than $229,537.62, and respectfully requests that this Motion be granted.

Dated: April 13, 2006

For the Plaintiff,

Catherine M. Campbell
BBO #549397
Renee J. Bushey
BBO #629444
Feinberg, Campbell & Zack, P.C.
177 Milk Street
Boston, MA 02109
(617) 338-1976

/S/ Catherine M. Campbell
Attorney for Plaintiff,

Certificate of Service

I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be hand-delivered this day to Laurence Donoghue, Esq., Morgan, Brown & Joy, LLP, 200 State Street, 11th Floor, Boston, MA 02109-2605 and mailed this day by U.S. first-class mail to Bank of America, Legal Order Processing Dept., NY7-501-02-07, 5701 Horatio Street, Utica, NY 13502.

Date: April 13, 2006

/s/Catherine M. Campbell
Catherine M. Campbell